IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK BODDIE,<br><br>        Petitioner,<br><br>  v.<br><br>RANDY GROUNDS, Acting Warden,<br><br>        Respondent._____/ | No. C 10-1575 SBA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS PETITION AS SECOND OR SUCCESSIVE**<br><br>(Docket no. 5) |

Petitioner, a state prisoner, filed the present pro se petition for writ of habeas corpus.

Before the Court is Respondent's motion to dismiss the petition as a second or successive petition, or, in the alternative, for failure to state a cognizable federal constitutional claim. Petitioner opposes the motion, and Respondent filed a reply to the opposition.

The record shows that Petitioner has filed a previous petition for a writ of habeas corpus with this Court, challenging the same 1997 conviction and sentence. See Case No. C 00-4665 SBA (PR). On March 31, 2004, the Court denied his previous petition on the merits. Petitioner appealed, and the Ninth Circuit Court of Appeals affirmed the judgment on August 4, 2005. Petitioner then filed a petition for writ of certiorari in the United States Supreme Court, which was denied on February 27, 2006.

On April 13, 2010, Petitioner filed the present petition, in which he challenges the state court's denial of his 2009 state habeas petition claiming that he received an illegal sentence in 1997. (Pet. at 4, 6.)

**DISCUSSION**

The Court finds the present petition is a second or successive petition attacking the same 1997 conviction and sentence as Petitioner's prior federal habeas petition. A second or successive petition containing new claims may not be filed in the district court unless Petitioner first obtains from the United States Court of Appeals an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so.

1  Furthermore, Petitioner's arguments in opposition to the motion to dismiss are without merit.
2 The Court finds that Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.
3 § 2254 because he is a state prisoner being held "pursuant to the judgment of a State court," 28
4 U.S.C. § 2254, and he is challenging his 1997 conviction on the grounds that his custody is
5 unconstitutional.  Petitioner cannot circumvent the bar against second or successive petitions by
6 simply making a conclusory statement that he "does not need to first file for permission to file a
7 second or successive petition in the appellate court."  (Opp'n at 2.)  Petitioner contends he is not
8 subject to 28 U.S.C. § 2244(b) because the previous federal proceeding did not result in a decision
9 on the merits of the claims presented in the present petition.  (Id.)  A district court must dismiss
10 claims presented in a second or successive habeas petition challenging the same conviction and
11 sentence unless the claims presented in the previous petition were denied for failure to exhaust.  See
12 28 U.S.C. § 2244(b)(1); Babbitt v. Woodford, 177 F.3d 744, 745-46 (9th Cir. 1999).  Additionally, a
13 district court must dismiss any new claims raised in a successive petition unless the petitioner
14 received an order from the court of appeals authorizing the district court to consider the petition.
15 See 28 U.S.C. § 2244(b)(2), (3).  Here, Petitioner has neither showed that the new claims were
16 previously denied for failure to exhaust, nor has he presented an order from the Ninth Circuit Court
17 of Appeals authorizing this Court to consider any new claims.

18  Petitioner also argues that he did not need authorization from the Ninth Circuit because "the
19 events giving rise to the later [sic] application had not occurred until after the conclusion of the
20 earlier habeas proceeding."  (Opp'n at 2.)  Even if those assertions were true, they would not bestow
21 jurisdiction on this Court to review the current petition without authorization from the Ninth Circuit.
22 See 28 U.S.C. § 2244(b)(3)(A).  Such authorization is permitted only when the claim relies on a
23 "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme
24 Court, that was previously unavailable," § 2244(b)(2)(A), or "the factual predicate for the claim
25 could not have been discovered previously through the exercise of due diligence," §
26 2244(b)(2)(B)(i).  Section 2244(b)(2)(A) does not apply because Petitioner fails to claim that a "new
27 rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court . . .
28 was previously unavailable."  Neither does section 2244(b)(2)(B)(i) apply, because the factual

2

predicate for the new claim -- relating to the allegedly illegal 1997 sentence -- was known to Petitioner at the time of sentencing. Thus, the limitations on second or successive petitions clearly apply, and preclude this Court from addressing the current petition.

Accordingly, Respondent's motion to dismiss is GRANTED, and this petition is DISMISSED without prejudice to filing a new habeas action if Petitioner obtains the necessary order.[1]

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as a second or successive petition (docket no. 5) is GRANTED. The petition is DISMISSED pursuant to 28 U.S.C. § 2244(b).

The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions, and close the file.

This Order terminates Docket no. 5.

IT IS SO ORDERED.

DATED:   9/26/11

SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court has dismissed the present petition as a successive petition, it need not address Respondent's alternative argument for dismissal.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF
CALIFORNIA

BODDIE et al,

        Plaintiff,

v.

GROUNDS et al,

        Defendant.
        /

Case Number: CV10-01575 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 30, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roderick Boddie K-58959
Correctional Training Facility-Soledad
P.O. Box 689
Soledad, CA 93960-0689

Dated: September 30, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk